IN THE

COURT OF CRIMIAL APPEALS

AUSTIN, TEXAS

49,474-05

| | | |
|---|---|---|
| Ex parte | § | |
| Valentin Moreno, Jr. | § | Writ No. 49,474-05 |
| Applicant | § | **RECEIVED IN**<br>**COURT OF CRIMINAL APPEALS** |

**APPLICANT'S FINAL AMENDMENTS TO**
**APPLICANTION FOR WRIT OF HABEAS CORPUS**

**DEC 04 2015**

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now, Valentin Moreno, Jr., Applicant, pro se in the above referenced

**Abel Acosta, Clerk**

cause and respectfully files, 'Applicant's Final Amendments To Application For

Writ Of Habeas Corpus. In support, thereof, Applicant submits the following:

**I.**
**JURISDICTION**

This most Honorable Court poses exclusive jurisdiction over the these habeas

corpus proceedings and the subject-matter, herein, pursuant to Chapter 11 in the

Texas Code of Criminal Procedure.

**II.**
**STATEMENT OF CURRENT FACTS**

1. Applicant filed a successive pro se writ of habeas corpus application, on June 15, 2015. Challenging a jury's verdict of guilty of capital murder.

2. The Attorney representing the State, filed the State's Original Response and Answer, on july 8, 2015.

3. The trial Court adopted the State's proposed Findings of Fact, Conclusions of Law, Recommendation and Order, on July 20, 2015.

4. Applicant's application was recieved and presented to this Honorable Court, on September 22, 2015.

5. On November 5, 2015, this Honorable Court granted, Applicant's Motion For Leave And To Stop Writ Of Habeas Corpus Review; Applicant was given (30) days.

Page 1.

6. On November 22, 2015, Applicant sent to this Honorable Court, his first amendments to his application.

7. Herein, Applicant makes the final amendments to his application for writ of habeas corpus. In support, thereof, Applicant also submits a supplement memorandum. All Exhibits mentioned and/or cited, therein, are filed with the Appendix submitted with the initial application.

## III.
## DUE DILIGENCE

For the last three weeks, the building Applicant is currently housed in, is under lockdown for annual shake-down. Applicant is not educated in the law, and for the last three weeks, Applicant has not been able to consult with prisoners more versed in the law, concerning on how to amend his application. The initial application applicant submitted, was prepared with the assistance of numerous prisoners.

Applicant is doing his best, to exercise due diligence and amend his application within the (30) days the Honorable Court granted him. On a sincere and honest note, Applicant does not know what he is doing, herein. Thus, respectfully asks this Honorable Court to accept, his pro se pleading on a less strick standard.

## IV.
## AMENDMENTS

In a copy of this initial application, Applicant has submitted his amendments and attached a supplement memorandum. (See Appendix – A)

Amendments were made to Ground Number One (A), (B) and (C), Ground Number Four and a Ground Number Five was added, thereto.

## V.
## EVIDENTIARY HEARING REQUESTED

Pursuant to this amended application, Applicant respectfully moves this Honorable Court for an evidentiary hearing.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully prays that this most Honorable Court accepts this amended application for writ of habeas corpus, granting any and all relief deemed adequate and just.

Done on this *1st* day of *December*, 2015.

Respectfully Submitted,

Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM 3522
Abilene, Texas 79601

**VERIFICATION**

I, Valentin Moreno, Jr., hereby verify under the penalty of perjury that the statements made herein, are true and correct, and offered in good faith.

Done on this _1st_ day of _December_, 2015.

_Valentin Moreno Jr_
Valentin Moreno, Jr

**CERTIFICATE OF SERVICE**

I, Valentin Moreno, Jr., hereby certify that the original copy of Applicant's Final Amendments To Application for Writ of Habeas Corpus, was sent by certify mail to the Clerk of the Court Of Criminal Appeals, using U.S. Mail. And that notice of the same, was sent to the attorney representing the State, via U.S. 1st Class mail.

Done on this _1st_ day of _December_, 2015.

_Valentin Moreno Jr_
Valentin Moreno, Jr

## A P P E N D I X - A

Case No. _____

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: ___VALENTIN MORENO, JR._____

DATE OF BIRTH: ___July 19, 1976_____

PLACE OF CONFINEMENT: ___FRENCH M. ROBERTSON UNIT_____

TDCJ-CID NUMBER: ___788216_____ SID NUMBER: _____

(1)    This application concerns (check all that apply):

⊠    a conviction              ☐    parole

☐    a sentence                ☐    mandatory supervision

☐    time credit               ☐    out-of-time appeal or petition for
                                     discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       332ND District Court, Hidalgo County

(3)    What was the case number in the trial court?

       CR-0517-96-F

(4)    What was the name of the trial judge?

       Mario E. Ramirez, Jr.

Rev. 01/14/14

(5)  Were you represented by counsel? If yes, provide the attorney's name:

Richard B. Gould and Norman McInnis


(6)  What was the date that the judgment was entered?

March 31, 1997


(7)  For what offense were you convicted and what was the sentence?

Capital Murder - Life, Attempted Capital Murder - Life


(8)  If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

County One - Life, Count Two - Life


(9)  What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:


(10) What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11)   Did you testify at trial? If yes, at what phase of the trial did you testify?

No.

(12)   Did you appeal from the judgment of conviction?

☒ yes                         ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?    13th Court of Appeals

(B) What was the case number?    13-97-335-CR and 13-97-336-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
Mark Alexander

(D) What was the decision and the date of the decision? Affirmed, vacated 8-31-99

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes                         ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?    N/A, March 5, 2000.

(B) What was the decision and the date of the decision?    Refused.

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes                         ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? WR-49-474-02

3

Rev. 01/14/14

(B) What was the decision and the date of the decision?  Denied Without Written Order

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

Scientific evidence was not available to applicant. Experts became

available with the last year. Witness recantation had not occurred.

Evidence is newly discovered and newly obtained. Legislation had

not passed Tex. Code of Crim. Prod. art. 11.073.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?  _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

_____

_____

_____

_____

_____

(17)    Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**

APPLICANT IS INNOCENT AND THIS CONVICTION WAS OBTAINED BY THE STATE VIOLATING

THE 5TH AMEND., 6TH AMEND. AND 14TH AMENDMENT OF THE U.S. CONSTITUTION

**FACTS SUPPORTING GROUND ONE:**

THE STATE OBTAINED THE PRIMARY CONVICTION BY THE FOLLOWING ACTS

OF PROSECUTORIAL MISCONDUCT: (**A**) THE STATE PRESENTED THE FALSE

SCIENTIFIC TESTIMONY OF DR. A.J. ALAMIA; THE STATE SUBSTANTIATRD

AND BOLSTERED THEIR WITNESSES TESTIMONIES WITH DR. AMAMIAS'S

FALSE TESTIMONY. (**B**) THE STATE INFLUENCED STATE WITNESS BEATRICE

TREVINO'S IDENTIFICATION WITH UNDULY SUGGESTIVE POST-EVENT

INFORMATION AND POST-EVENT MISINFORMATION; THE STATE WITHHELD

THAT BEATRICE HAD TOLD THE PROSECUTOR THAT SHE BELIEVED SHE HAD

MISIDENTIFIED THE APPLICANT AND IN RESPONSE THE PROSECUTOR HAD

EXPOSED BEATRICE TREVINO TO SUGGESTIVE AND PREJUDICIAL POST-EVENT

INFORMATION/MISINFORMATION: THE STATE PRESENTED BEATRICE TREVINO'S

FALSE TESTIMONY. (**C**) THE STATE PRESENTED STATE WITNESS YVONNE

GONZALES' FALSE TESTIMONY; THE STATE WITHHELD BALLISTIC-RELATED

6

Rev. 01/14/14

FINDINGS, THAT UNDERMINED THE ESSENCE OF YVONNE GONZALES'

TESTIMONY. (**AMENDMENTS**)> PURSUANT TO ARGUMENT (**A**), APPLICANT ADDITIONALLY CONTENDS, THE THE SCIENTIFIC EVIDENCE HE HAS PRESENTED 'CONTRADICTS SCIENTIFIC EVIDENCE RELIED ON BY THE STATE AT TRIAL.' THUS, APPLICANT ARGUES, THAT HE HAS MET THE PROVISIONS SET FORTH BY ARTICLE 11.073 IN THE TEX. CODE OF CRIM. PROCD. PURSUANT TO ARGUMENT (**B**), APPLICANT CONTENDS THAT WITNESS BEATRICE TREVINO'S RECANTATION AND MIS-IDENTIFICATION CLAIM, NEEDS TO BE REASSESSED AND CONSIDERED IN CONJUCTION WITH THE SUGGESTIVE POST EVENT INFORMATION TREVINO WAS EXPOSED TO BE THE STATE AND NEWLY DISCOVERED SCIENTIFIC EVIDENCE ON POST EVENT INFORMATION/MISINFORMATION CONTAMINATION.[1] PURSUANT TO ARGUMENT (**C**), APPLICANT CONTENDS, THAT THE STATE INFLUENCED AND/OR TAINTED WITNESS YVONNE GONZALES' IN-COURT-IDENTIFICATION OF APPLICANT , BY BY DETECTIVES TELLING GONZALES THAT APPLICANT WAS A GANG MEMBER. THAT, WAS PREJUDICIALLY SUGGESTIVE POST EVENT INFORMATION, CONSIDERING ITS NATURE, THEREIN.

[1] PURSUANT TO GROUND NUMBER ONE, APPLICANT INVOKES ARTICLE 11.073, WHEREAPPLICABLE.

7

Rev. 01/14/14

**GROUND TWO:**

APPLICANT IS INNOCENT AND THIS CONVICTION IS THE RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL: VIOLATING THE 5TH AMEND., 6TH AMEND. AND THE 6th AMENDMENT OF THE U.S. CONSTITUTION.

**FACTS SUPPORTING GROUND TWO:**

THE PRIMARY CONVICTION IS THE RESULT OF THE FOLLOWING ACTS OF

INEFFECTIVE ASSISTANCE OF COUNSEL: (**A**) COUNSEL FAILED TO

INVESTIGATE AND GER A FIRM GRASP OF DR. A.J. ALAMIA'S PROPSED

SCIENTIFI TESTIMONY; TRIAL COUNSEL INJECTED A PREJUDICIAL EXPERT

WITNESS (DR. ALAMIA) INTO THE TRIAL. (**B**) COUNSEL FAILED INVESTIGATE

AND GET A FIRM GRASP, OF THE ALLEGED IDENTIFICATION OF APPLICANT'S

EYES AND THE INFORMATION ON SUCH AN IDENTIFICATION. ADDITIONALLY,

CONSEL FAILED TO CONSULT AND PRESENT DR. PAUL MICHEL. (**C**) COUNSEL

FAILED TO INVESTIGATE AND GE A FIRM GRASP OF THE BALLISTIC-

RELATED EVIDENCE. ADDITIONALLY FAILED TO CONSULT AND PRESENT A

BALLIS EXPERT MAX SCOTT. (**D**) COUNSEL FAILED TO INVESTIGATE AND

GET A FIRM GRASP, ON PRIOR INCIDENTS INVOLVING DETECTIVE JOSEPH

8

Rev. 01/14/14

BUENROSTRO AND THE APPLICANT, AND BRING THEM TO THE ATTENTION OF THE JURY. SPECIFICALLY, AN INCIDENT WHERE DET. BUENROSTRO HAD THREATENED TWO JUVENILES INTO SIGNING FALSE STATEMENT AGAINST THE APPLICANT. (E) COUNSEL FAILED TO PROTECT APPLICANT'S INTEREST AND CONSTITUTIONAL RIGHTS, AFTER STATE WITNESS BEATRICE TREVINO REVEALED WHAT HAD OCCURRED BETWEEN HER AND THE PROSECUTOR, (e.g., COUNSEL FAILED TO AS FOR A CONTINUANCE, TO INVESTIGATE THE POST-EVENT INFORMATION BREATRICE TREVINO HAD BEEN EXPOSED AND HOW IT INFLUENCED HER IDENTIFICATION. FAILING TO REQUEST THAT BEATRICE TREVINO'S IDENTIFICATION BE SUPPRESEED AND STRIKEN FROM THE REDORD. BASED ON BEATRICE TREVINO'S IDENTIFICATION HAVING BEEN CONTAMINATED BY THE STATE. FAILED TO REQUEST A MISTRIAL, PURSUANT TO THE STATE NOT DISCLOSING THE PRE-TRIAL INCIDENT BETWEEN BEATRICE TREVINO AND THE PROSECUTOR AND THAT BEATRICE TREVINO'S IDENTIFICATION HAD BEEN CONTAMINATED BY THE STATE. FAILED TO REQUEST A JURY CHARGED THAT INFORMED THE JURY HOW SUGGESTIVE POST-EVENT INFORMATION CAN EFFECT AN EYEWITNESS MEMORY).

9

## GROUND THREE:

 APPLICANT IS INNOCENT AND THIS CONVICTION WAS OBTAINED BE THE

 THE CUMULATIVE EFFECT OF DENIAL AND VIOLATIONS OF THE 5TH AMEND.,

 6TH AMEND. AND 14TH AMENDMENT OF THE U.S. CONTITUTION.

## FACTS SUPPORTING GROUND THREE:

 THE PRIMARY CONVICTION WAS OBTAINED BY THE FOLLOWING CONTITUTIONAL

 VIOLATIONS: PROSECUTORIAL MISISCONDUCT AND INEFFECTIVE ASSISTANCE

 OF COUNSEL. HEREIN, GROUND NUMBER ONE AND GROUND NUMBER TWO

 ARE ADOPTED AND RESTATED.

10

Rev. 01/14/14

Rev. 01/14/14

## GROUND FOUR:

APPLICANT IS INNOCENT AND THIS CONVICTION WAS OBTAINED BY VIOLATIONS OF THE 5TH AMEND., 6TH AMEND., 8TH AMEND., AND THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## FACTS SUPPORTING GROUND FOUR:

APPLICANT'S CLAIM OF INNOCENCE HEREIN, IS INTERTWINED WITH THE

CONSITUTIONAL VIOLATIONS CITED AND ARGUED IN GROUND NUMBER ONE,

GOUND NUMBER TWO AND GROUND NUMBER THERE OF THIS APPLICATION.

(**AMENDMENTS**)> PURSUANT TO A PRIMA FACIE SHOWING OF ACTUAL INNOCENCE, THE

FOLLOWING IS CUMULATIVELY SUBMITTED: THE PRIMARY CONVICTION IS BASED ON THE

TRIAL IDENTIFICATIONS BY WITNESSES (RAUL GUERRERO, YVONNE GONZALES & BEATRICE TREVINO),

AND SCIENTIFIC TESTIMONY OF (DR. A.J. ALAMIA). FIRST, GONZALES HAS RECANTED HER

TRIAL IDENTIFICATION OF THE APPLICANT, SPECIFICALLY AN 'IMPROBABLE' "EYES"

IDENTIFICATION. ADDITIONALLY, FORENSIC OPTOMETRY SPECIALIST DR. PAUL MICHEL, FOUND

GONZALES' IDENTIFICATION OF THE "EYE" BLATANTLY INVALID. FURTHERMORE, BALLISTICS

EXPERT MAX SCOTT DETERMINED, THAT GONZALES' TRIAL VERSION OF THE SHOOTING

WAS MISLEADING AND FALSE. GONZALES' IDENTIFICATION OF APPLICANT'S EYES, WAS BASED AND

CORROBORATED ON HER VERSION OF THE SHOOTING. THESE TWO EXPERTS "CORROBORATE" THE

12

Rev. 01/14/14

MISIDENTIFICATION, GONZALES HAS REVEALED. SECOND, BEATRICE TREVINO RECANTED AND ADMITTED SHE MISIDENTIFIED THE APPLICANT. [2] ADDITIONALLY, THERE IS NOW SCIENTIFIC EVIDENCE ON POST EVENT MISINFORMATION/INFORMATION, THAT SHOWS, THE STATE INFLUENCED AND CONTAMINATED TREVINO'S IDENTIFICATION OF THE APPLICANT, AFTER TREVINO CONFESSED TO THE PROSECUTOR SHE BELIEVED SHE HAD MISIDENTIFIED THE APPLICANT.

THIRD, DR. ALAMIA'S SCIENTIFIC TESTIMONY, WHICH THE STATE RELIED ON TO CORROBORATE THE TESTIMONIES OF THE STATE'S WITNESSES. HAS NOW BEEN SHOWN TO HAVE BEEN MISLEADING AND INCORRECT. IN A NUTSHELL, MOST OF THE EVIDENCE THAT THE STATE USED TO OBTAIN THIS CONVICTION, HAS NOW BEEN SHOWN TO HAVE BEEN UNRELIABLE, MISLEADING AND INCORRECT. THUS, ESTABLISHING A PRIMA FACIE SHOWING OF ACTUAL INNOCENCE. BUT, IN THE INTEREST OF JUSTICE AND ON BEHALF OF AN INNOCENT MAN, TAKE "ALL" THE EVIDENCE THAT POINTS TO APPLICANT's INNOCENCE, (E.G., STORE ATTENDANT'S STATEMENT, ALL WITNESSES THAT CLAIM APPLICANT WAS NOT CALLED CAT, ALL THE WITNESSES AT THE PARTY THAT CLAIM APPLICANT WAS NOT THERE, APPLICANT'S ALIBI WITNESSES). [2] APPLICANT CONTENDS, TREVINO'S RECANTATION NEEDS TO BE RECONSIDERED, IN LIGHT OF THE SCIENTIFIC EVIDENCE ON POST EVENT INFORMATION CONTAMINATION.

13

Rev. 01/14/14

**GROUND:  FIVE**

APPLICANT IS INNOCENT AND SUBMITS AN INDEPENANT CLAIM UNDER ARTICLE 11.073

OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

## FACTS SUPPORTING GROUND:

APPLICANT CONTENDS, THAT HE HAS PRESENTED CREDIBLE SCIENTIFIC EVIDENCE,

THAT "CONTRADICTS SCIENTIFIC EVIDENCE RELIED ON BY THE STATE AT TRIAL."

APPLICANT ARGUES, THAT HE HAS MET THE PROVISIONS SET FORTH BY ARTCLE 11.073

OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

AT TRIAL, THROUGH DR. A.J. ALAMIA THE STATE PRESENTED SCIENTIFIC TESTIMONY,

SPECIFICALLY, "THAT IN TRAUMATIC EVENTS THE HUMAN MEMORY FUNCTIONS LIKE

A CAMERA: TAKING SNAPSHOTS THAT STAY INGRAINED IN THE MEMORY". THE IN THEIR

CLOSING ARGUMENTS, THE STATE EMPHASIZED ON DR. ALAMIA'S SCIENTIFIC TESTIMONY,

BOLSTERING THE TESTIMONIES OF THE STATE'S KEY WITNESSES. BASED ON THIS

MENTIONED SCIENTIFIC TESTIMONY AND THE STATE'S CLOSING ARGUMENTS, THE JURY

WAS LEFT WITH THE IMPRESSION, THAT DURING THE CRIME, THE MEMORIES OF THE

WITNESSES OPERATED LIKE A CAMERA.

APPLICANT CONTENDS, THAT PURSUANT TO THE EXPERT SCIENTIFIC OPINIONS AND/OR

14

Rev. 01/14/14

CONCLUSIONS AND/OR RESEACH BY DR. JAMES ALDRIDGE, DR ELIZABETH F. LOFTUS,

DR JULIAN P. KEENAN, DR. DANIEL L. SCHACTER, THE RESEARCH AND FINDINGS OF

THE INNOCENCE PROJECTS, CONCLUSIONS BY THE NEW JERSEY SUPREME COURT IN

HENDERSON V. HENDERSON, 208 N.J. 208 AND THE EXPERTS WHO TESTIFIED THEREIN.

APPLICANT VIGOROUSLY CONTENDS, HE HAS PRESENTED CREDIBLE SCIENTIFIC EVIDENCE

THAT CONTRADICTS THE SCIENTIFIC EVIDENCE RELIED ON BY THE STATE AT HIS

TRIAL.

APPLICANT CONTENDS, THAT HE HAS ESTABLISHED THE PROVISIONS IN ARTICLE

11.073 OF THE TEXAS CODE OF CRIMIAL PROCEDURE.

15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _Jones_

_Valentin Moreno Jr._, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_Valentin Moreno Jr._
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.


_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, _Valentin Moreno Jr._, am the applicant / petitioner (circle one) and being presently incarcerated in _the French M. Robertson_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _May 5th_, 20_15_.

_Valentin Moreno Jr_

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

Rev. 01/14/14